IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:08cv434

| | | |
|---|---|---|
| BOND SAFEGUARD INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| Vs. | ) ) | ORDER |
| LR BUFFALO CREEK, LLC, *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

**THIS MATTER** is before the court on the following motions:

(# 82)  Motion to Dismiss Claims by Plaintiff;

(#100)  Motion to Dismiss Against Lender Defendants for Lack of Subject Matter Jurisdiction and Failure to State a Claim;

(#110)  Defendants' Brief in Support of Their Motion to Dismiss Under Rule 12(b)(6) [reasserting Motion to Dismiss contained in their Answer];

(#117)  Motion for Partial Summary Judgment;

(#121)  Motion for Leave to File Amended Answer;

(#123)  Motion to Stay and Plea in Abatement; and

-1-

(#127)   Motion for Continuance Under Rule 56(F).

Motions docketed as entries #82 through #110 have been fully briefed and are ripe for decision. The remaining motions are not yet ripe, but the court has read all of the pleadings that have been filed to date.

After reading and digesting the pleadings of record, the court is very concerned as to whether it has jurisdiction to hear any of the claims. In particular and at the core of the court's concerns and listed by priority are:

(1) whether there is a case in controversy and whether plaintiff has standing to bring this action inasmuch as it did not pay the bond obligation to Rutherford County before bringing this action;

(2) whether plaintiff has improvidently argued in its responses to the motions to dismiss claims that are not found in the Amended Complaint, to wit, that plaintiff has subrogated the claims of lot owners;

(3) whether plaintiff has improperly consolidated claims from a property development in the Eastern District of Tennessee;

(4) whether plaintiff has improperly sought summary judgment on claims that it has yet to assert in this action and which apparently arise out of a development in the Eastern District of North Carolina; and

(5) why the parties have commenced discovery before joinder of the issues

as provided in Local Civil Rule 16.1(D).

The court will, therefore, schedule all motions <u>now</u> pending for hearing on April 29, 2009, at 2 p.m. The court will respectfully ask that counsel be prepared to address the above questions as well as additional questions concerning the impact of the bankruptcy proceedings on the remainder of this action. Respective counsel will be allowed to file a five page supplemental hearing brief not later than April 22, 2009, limited to the concerns herein raised. No other motions filed in the interim will be considered at the hearing. In deference to the automatic stay, this Order is no way obligate defendants in bankruptcy or their counsel to respond in any manner.

## ORDER

**IT IS, THEREFORE, ORDERED** that the following motions are **CALENDARED** for oral arguments on April 29, 2009, at 2p.m.

- (# 82)     Motion to Dismiss Claims by Plaintiff;
- (#100)     Motion to Dismiss Against Lender Defendants for Lack of Subject Matter Jurisdiction and Failure to State a Claim;
- (#110)     Defendants' Brief in Support of Their Motion to Dismiss Under Rule 12(b)(6) [reasserting Motion to Dismiss contained in their Answer];

(#117)   Motion for Partial Summary Judgment;

(#121)   Motion for Leave to File Amended Answer;

(#123)   Motion to Stay and Plea in Abatement; and

(#127)   Motion for Continuance Under Rule 56(F).

Signed: March 20, 2009

Dennis L. Howell
United States Magistrate Judge