# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:08cv434

| | |
|---|---|
| BOND SAFEGUARD INSURANCE COMPANY, </br></br> Plaintiff, </br></br> Vs. </br></br> LR BUFFALO CREEK, LLC, *et al.*, </br></br> Defendants. | ORDER |

**THIS MATTER** is before the court on the following motions:

(1) the Bankruptcy Trustee Leigh R. Meininger's Motion to Transfer Action to the United States District Court for the Middle District of Florida, for Referral to the United States Bankruptcy Court (#152);

(2) the lender defendants' Motion to Stay Consideration or Extend Time to Respond to the Motion to Change Venue (#154), to which the Trustee has consented;

(3) Bond Safeguard's Motion for Extension of Time to Respond to Chapter 7 Trustee's Motion to Transfer Action (#155); and

(4) the developer defendants' Motion for Stay or to Extend Time to

-1-

Respond (#156).

All the moving parties appear to agree, including the Trustee, that it would appropriate to withhold briefing of the transfer issue until such time as the district court resolves the Memorandum and Recommendation. Having consulted with the district court, the undersigned agrees with the parties and will grant such relief.

Counsel has properly noted that the Trustee has not moved for special or *pro hac vice* admission. Under Local Civil Rule 83.1(C), an exception is made for governmental attorneys. While a Trustee in bankruptcy is not typically thought of as a governmental attorney, the undersigned finds that she serves at the pleasure of the bankruptcy court and performs a function so essential to the administration of justice as to be considered a quasi-governmental attorney.[1] To that end, such attorney will be specially admitted in this case without payment of the admission fee, but shall be required to comply with the ECF requirement provided in Local Civil Rule 83.1(A).

The Trustee is respectfully reminded that the M&R contains a recommendation that impacts claims asserted against parties in bankruptcy and to make come to fruition would take an affirmative act on the part of the Trustee.[2]

---

[1] It was not anticipated by the drafters of the local rules that a Trustee in bankruptcy in another district would apply for admission.

[2] See https://ecf.ncwd.circ4.dcn/doc1/13501216433.

The Trustee should pay particular attention to the discussion beginning at pages 36, of the recommendation which states that:

> the remaining claims against the defendant in bankruptcy be conditionally DISMISSED without prejudice, <u>subject to such defendants obtaining relief from the automatic stay to secure such relief</u>.

Docket Entry #153, at 39 (emphasis added). Such recommendation would require the Trustee to make an affirmative showing consistent with the emphasized portion of the recommendation within the time allowed for objections. Indeed, such may well resolve the request to transfer venue.

**ORDER**

**IT IS, THEREFORE, ORDERED** that

(1) the lender defendants' Motion to Stay Consideration or Extend Time to Respond to the Motion to Change Venue (#154), to which the Trustee has consented is **ALLOWED**;

(2) Bond Safeguard's Motion for Extension of Time to Respond to Chapter 7 Trustee's Motion to Transfer Action (#155) is **ALLOWED**; and

(3) the developer defendants' Motion for Stay or to Extend Time to Respond (#156) is **ALLOWED**;

(4) the time for responding to the Bankruptcy Trustee Leigh R. Meininger's

Motion to Transfer Action to the United States District Court for the Middle District of Florida, for Referral to the United States Bankruptcy Court (#152) is **ENLARGED** up to and including 14 days from the district court's resolution of the Memorandum and Recommendation; and

(5) Bankruptcy Trustee Leigh R. Meininger is specially **ADMITTED** to practice before the Bar of this court in this particular case without payment of an admission fee upon her compliance with Local Civil Rule 83.1(A).

Signed: June 15, 2009

_____

Dennis L. Howell
United States Magistrate Judge