# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

## CIVIL NO.  1:08CV434

| | | |
|---|---|---|
| **BOND SAFEGUARD INSURANCE COMPANY,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **Vs.** | ) ) | **ORDER OF DISMISSAL** |
| **LR BUFFALO CREEK, LLC; LAND RESOURCE, LLC, f/k/a Land Resource Companies, LLC; LAND RESOURCE GROUP, INC.; JAMES ROBERT WARD; MICHAEL FLASKEY; ROBERT VACKO; JASON BEAIRD; REALAN INVESTMENT PARTNERS, LLLP; DPB SOLUTIONS, LLC; WEEKS-GREY ROCK, LLC; EURAM GREY ROCK ASSOCIATES, L.P.; DANIEL D. DINUR; BARRINGTON BRANCH; BLUE MIST FARMS, LLC; BRIDGE POINTE AT JEKYLL SOUND, LLC; CLARKS HILL LAKE, LLC; COASTLINE PROPERTIES, LLC; ROARING RIVER, LLC, f/k/a Greyrock at Lake Lure, LLC; LAIRD BAYOU, LLC; LAIRD POINT, LLC; LAND RESOURCE GROUP OF NORTH CAROLINA, LLC; LAND RESOURCE ORCHARDS, LLC; LAND RESOURCE SATILLA RIVER, LLC; LAND RESOURCE WATTS BAR, LLC; LR BAYTREE LANDING, LLC; LR RIVERSEA, LLC; POINT PETER,** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

**LLLP; VILLAGES AT NORRIS LAKE,** )
**LLC; LAND RESOURCE MEIGS** )
**COUNTY, LLC; LRC HOLDINGS, LLC;** )
**LAND RESOURCE ROUND** )
**MOUNTAIN, LLC; SOUTHERN HOA** )
**MANAGEMENT, LLC; WACHOVIA** )
**BANK, N.A.; and KEYBANK, N.A.,** )
                                        )
                **Defendants.** )
_____ )

THIS MATTER is before the Court on the "limited" objections to the Memorandum and Recommendation filed by Defendants KeyBank, National Association, and Wachovia, National Association ("Lenders") entered by the Magistrate Judge on June 4, 2009. The parties have filed responses, replies thereto, and sur-replies. For the reasons set forth herein, the Lenders' objections are overruled and the Magistrate Judge's Memorandum and Recommendation is adopted in full.


## I.  BACKGROUND

A thorough factual summary of this case is set forth in the Memorandum and Recommendation. **Memorandum and Recommendation, filed June 4, 2009, at 2-17.** The Court has carefully examined the record in this case and hereby incorporates by reference the previous factual description and will discuss such additional facts as

needed for consideration of the Memorandum and Recommendation and the "limited" objections filed by the Lenders.

The Lenders named above were the only parties to file substantive objections to the Memorandum and Recommendation. **See Limited Objection of Defendants Keybank, National Association and Wachovia Bank, National Association to the Magistrate Judge's Memorandum and Recommendation ("Lenders' Limited Objection"), filed June 22, 2009.** The Magistrate Judge recommended Counts Four and Ten of Plaintiff's amended complaint be dismissed without prejudice under Fed. R. Civ. P. 12(b)(6). **Memorandum and Recommendation, at 39**. The Lenders object that such dismissal should be with prejudice rather than without prejudice, contending that Counts Four and Ten should be dismissed with prejudice due to Plaintiff's lack of standing pursuant to Fed. R. Civ. P. 12(b)(1)**. Lenders' Limited Objection, at 4-6, 8.** The Magistrate Judge recommended that Counts Five, Six, Eleven, and Twelve, of Plaintiff's amended complaint be dismissed without prejudice. **Memorandum and Recommendation, *supra.*** Again, the Lenders object to the recommendation that such dismissal be without prejudice and argue Counts Five, Six, Eleven, and Twelve of Plaintiff's amended complaint

should be dismissed with prejudice.  **Lenders' Limited Objection, at 6-8**.

Thus, through their objections, the Lenders ask this Court to modify the

Memorandum and Recommendation "to reflect a dismissal of the Plaintiff's

claims against the Lender Defendants *with prejudice*, instead of without

prejudice." *Id.*


## II.  STANDARD OF REVIEW

A party may file written objections to a magistrate judge's

memorandum and recommendation within ten days after being served with

a copy thereof. *See* **28 U.S.C. § 636(b)(1).**  "Any written objections must

specifically identify the portions of the Report and Recommendation to

which objections are made and the basis for such objections." ***Thomas v.***

***Westinghouse Savannah River Co.*, 21 F. Supp. 2d 551, 560 (D.S.C.**

**1997); *see also*, *Battle v. United States Parole Comm'n*, 834 F.2d 419,**

**421 (5th Cir. 1987) ("Parties filing objections must specifically identify**

**those findings objected to.").**  "Frivolous, conclusive or general

objections need not be considered by the district court**." *Battle,* 834 F.2d**

**at 421.**  If proper objections are made, a district court will review the

objections under a *de novo* standard.  **28 U.S.C. § 636(b)(1).**   Where no

objection is made, however, the Court need "'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" ***Diamond v. Colonial Life & Accident Ins. Co.***, 416 F.3d 310, 315 (4th Cir. 2005), *cert. denied*, 126 S. Ct. 1033 (2006) (quoting Fed. R. Civ. P. 72, Advisory Committee note).[1]

## III.  DISCUSSION

The Court has reviewed Lenders' limited objections the Memorandum and Recommendation.  The Lenders moved to dismiss various counts of Plaintiff's amended complaint pursuant to Rule 12(b)(1),

---

[1]In considering Plaintiff's response to the Lenders' Limited Objection, the undersigned notes that Plaintiff opposes "the Limited Objection and requests that if the claims are to be dismissed, the dismissal should be without prejudice to [Plaintiff] commencing a later action against the Lender Defendants." **Response to the Limited Objection of Defendants Keybank and Wachovia, filed July 9, 2009, at 9**.  Plaintiff states that "it should be noted that while [Plaintiff] disagrees with the recommendations of Magistrate Judge Howell, it cannot deny that he analyzed the issues at great length and obviously spent a good deal of time on the decision." ***Id.* at 12**.  The undersigned concludes that this is nothing more than a "general" objection that fails to call this Court's attention to any specific error.  In the sur-reply, Plaintiff states it does not "object to [the Magistrate Judge's] ultimate recommendation that dismissal of the various claims be without prejudice." **Sur-Reply to Keybank, N.A., and Wachovia, N.A., filed August 11, 2009, at 3.**  Accordingly, the Court finds that Plaintiff has waived its right to *de novo* review of the Memorandum and Recommendation.

arguing the Court lacked subject jurisdiction over this action, and under Rule 12(b)(6), for Plaintiff's failure to state a claim upon which relief can be granted. **Motion and Memorandum to Dismiss Plaintiff's Claims against Lender Defendants for Lack of Subject Matter Jurisdiction and Failure to State a Claim ("Lenders' Motion to Dismiss"), filed December 8, 2008.** The Lenders did not move for dismissal of Plaintiff's claims with prejudice; therefore, the Magistrate Judge was not in a position to consider their argument for dismissal with prejudice that they now raise for the first time in their Limited Objection.

Dismissal with prejudice would serve as an adjudication on the merits, precluding Plaintiff from refiling this action after the conclusion of the bankruptcy actions pending in Florida. Therefore, after a *de novo* review of the Lenders' arguments and objections to the Memorandum and Recommendation, the Lenders' objections are overruled and the Magistrate Judge's recommendation that Plaintiff's claims against the Lenders be dismissed without prejudice is accepted by the Court.

After a careful review of the remaining portions of the Magistrate Judge's Memorandum and Recommendation, to which no objections were filed by any other party, the Court finds that the proposed findings are

supported by the record and that the proposed conclusions of law are consistent with current case law.  Accordingly, the Court hereby accepts the Magistrate Judge's recommendations as stated therein.  ***See*** **Memorandum and Recommendation,** *supra***, at 37-39.**

Just prior to the issuance of the Memorandum and Recommendation, the Chapter 7 Trustee for the bankruptcy estate of LR Buffalo Creek filed a motion herein to transfer this action to the U.S. District Court for the Middle District of Florida for referral by that court to the U.S. Bankruptcy Court for that District.  At the request of the parties, the Magistrate Judge stayed consideration of this motion until such time as this Court resolved the issues contained in the Memorandum and Recommendation.  ***See* Order, filed June 15, 2009.**  Because the Court concludes dismissal of this entire action is appropriate, the Trustee's motion is now moot.

## IV.  ORDER

**IT IS, THEREFORE, ORDERED** that the motion of Defendants Realan Investment Partners, DPB Solutions, Weeks-Grey Rock, Euram Grey Rock, Daniel Dinur and Barrington Branch to dismiss Plaintiff's claims

is **ALLOWED**, and Plaintiff's claims against these Defendants are hereby **DISMISSED WITHOUT PREJUDICE** in their entirety.

**IT IS FURTHER ORDERED** that the motion of Defendants KeyBank, National Association, and Wachovia, National Association, to dismiss Plaintiff's claims is **ALLOWED**, and Plaintiff's claims against these Defendants are hereby **DISMISSED WITHOUT PREJUDICE** in their entirety.

**IT IS FURTHER ORDERED** that the motion of Defendants Michael Flaskey, Robert Vacko, and Jason Beaird to dismiss (contained in their answer but reasserted by Brief filed January 29, 2009) is **ALLOWED**, and Plaintiff's claims against these Defendants are hereby **DISMISSED WITHOUT PREJUDICE** in their entirety.

**IT IS FURTHER ORDERED** that Plaintiff's claims against the Defendant James Robert Ward are hereby **DISMISSED WITHOUT PREJUDICE** in their entirety.

**IT IS FURTHER ORDERED** that Plaintiff's claims against the Defendants herein who have filed for bankruptcy protection[2] are hereby **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** Plaintiff's motion for partial summary judgment as to Defendant James Robert Ward is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the motion to file an amended answer filed by Defendants James Robert Ward, Robert Vacko, Michael Flaskey and Jason Beaird, is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the motions of Defendant James Robert Ward for plea in abatement and to stay and for a continuance under Rule 56(f) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that the motion of the Trustee to transfer this action to the Middle District of Florida is **DENIED** as moot.

The Clerk is directed to terminate this civil action.

---

[2] ***See* Trustee's Memorandum in Support of Memorandum and Recommendation, filed June 17, 2009 (listing Defendants herein).**

10

Signed: August 20, 2009

Lacy H. Thornburg
United States District Judge